IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

Jonathon R. Wyatt,  )
 )
    Plaintiff,  ) Case No. 1:12-CV-289
 )
vs.  )
 )
Carolyn W. Colvin,  )
Commissioner of Social Security,  )
 )
    Defendant.  )

O R D E R

    This matter is before the Court on Magistrate Judge Bowman's Report and Recommendation of May 28, 2013 (Doc. No. 14) and Plaintiff Jonathon R. Wyatt's Barnes's objections to the Report and Recommendation.  Doc. No. 15.  In her Report and Recommendation, Judge Bowman concluded that the Administrative Law Judge's ("ALJ") determination that Plaintiff is not disabled under the Social Security regulations was not supported by substantial evidence.  Judge Bowman, therefore, recommended that the ALJ's decision be reversed and the case be remanded to the ALJ for further proceedings pursuant Sentence Four of 42 U.S.C. § 405(g) - specifically, to properly assess and re-evaluate medical source opinion evidence and to re-evaluate whether Plaintiff meets one of five listings for mental impairments.  Plaintiff objects to the Magistrate Judge's recommendation to remand the case to the ALJ for further proceedings.  He contends that the Court should remand the case to the ALJ with instructions to award him benefits.  For the reasons that follow, Plaintiff's objections to the Report and Recommendation are not well-taken and are **OVERRULED.**  The Court **ADOPTS** the Report and Recommendation.  The decision of the ALJ is **REVERSED**.

This case is **REMANDED** to the ALJ pursuant to Sentence Four of 42 U.S.C. § 405(g) for further proceedings consistent with this order and the Report and Recommendation.

Plaintiff Jonathon R. Wyatt filed a claim for supplemental security income based on, <u>inter alia</u>, impairments of bipolar disorder, substance abuse disorder, and borderline intellectual functioning. Plaintiff's claim was denied initially and upon reconsideration. He requested and received an evidentiary hearing before the ALJ, which took place in December 2009. During the hearing, the ALJ received testimony from Plaintiff, a medical expert, Dr. Oberlander, and a vocational expert.

The ALJ issued a written decision denying Plaintiff's claim for benefits in May 2010. Proceeding through the five-step disability evaluation process, the ALJ found that Plaintiff had not engaged in substantial gainful activity since September 2007 and that he has severe impairments of bipolar disorder, substance abuse disorder, and borderline intellectual functioning.

Critically, for purposes of this appeal, the ALJ found that Plaintiff's mental impairments do not meet or equal any of the mental health impairments listed in 20 C.F.R. Pt. 404, Subpart P, Appendix 1. A finding that his mental impairments meet or equal one of the listed impairments would have compelled a determination that Plaintiff is disabled. 20 C.F.R. § 404.1520(a)(4)(iii). In particular, however, the ALJ found that Plaintiff's mental health impairments do not meet or equal Listings 12.02 (organic mental disorders), 12.04 (affective disorders), 12.05 (mental retardation), 12.06 (anxiety disorders), 12.08 (personality disorders), or 12.09 (substance addiction disorders).

At the fourth step, the ALJ found that Plaintiff has the physical residual functional capacity ("RFC") to perform work at all exertional levels and that he has the mental RFC

to perform simple, repetitive, low-stress tasks that do not require contact with the public and only minimal contact with co-workers and supervisors.  At the fifth step, relying on the testimony of the vocational expert, the ALJ found that there are a significant number of jobs in the national economy that Plaintiff can perform with this RFC, including industrial cleaner, warehouse worker, laundry folder and machine tender.  Because of this last finding, the ALJ determined that Plaintiff is not disabled under the Social Security regulations and denied his claim for benefits.

In finding that Plaintiff's mental impairments do not meet any of the listings at the third step of the analysis, the ALJ concluded that he had failed to establish the "B criteria" ("D criteria" for Listing 12.05).  Generally speaking, to satisfy the "B criteria," the claimant must establish marked limitations in two of three categories (activities of daily living, maintaining social functioning, and maintaining concentration, persistence, and pace) or, alternatively, one marked limitation and repeated episodes of decompensation, each of extended duration.  The ALJ found that Plaintiff only has mild limitations in activities of daily living and maintaining social functioning and moderate limitations in maintaining concentration, persistence and pace.  The ALJ also found that Plaintiff did not have any extended episodes of decompensation.  The ALJ based these conclusions on the opinions of three state agency reviewing psychologists.

During the evidentiary hearing, Dr. Oberlander testified that in his opinion Plaintiff's mental impairments meet Listings 12.02, 12.04, 12.06, 12.08, and 12.09.  The ALJ, however, gave "little weight" to Dr. Oberlander's opinion on the grounds that it was inconsistent with the totality of the medical evidence.  The ALJ also thought that Dr. Oberlander did not understand the listing of impairments or how to distinguish between

3

objective medical findings and the claimant's subjective report of symptoms. The ALJ decided that in forming his opinion, Dr. Oberlander gave too much weight to Plaintiff's subjective reports of limitations with little or no supporting objective evidence.

After the Appeals Council denied Plaintiff's request for review, he filed a timely complaint for judicial review of the ALJ's decision. Plaintiff's statement of specific errors argued that the ALJ erred in rejecting Dr. Oberlander's opinion that his mental impairments meet one or more of the listed impairments. Plaintiff also argued that the ALJ erred in rejecting the opinions of treating sources as well as the opinions of the Commissioner's own evaluating psychologists.

Magistrate Judge Bowman agreed with Plaintiff that the ALJ improperly evaluated the opinion evidence of record. Judge Bowman found that the ALJ improperly rejected medical opinions based on Plaintiff's subjective reports of symptoms because in the field of psychiatry, reliance on interviews with the patient and his self-reports is an acceptable diagnostic technique. Judge Bowman also found that the ALJ erred in giving little weight to Dr. Oberlander's opinion. Judge Bowman found substantial objective evidence relative to Plaintiff's mental impairments, including reports of racing thoughts, loose thought processes, crying spells, rapid speech, hyperactivity, poor concentration, manic episodes, pressured speech, and labile affect. Finally, Judge Bowman thought that the ALJ mischaracterized Plaintiff's testimony concerning his activities of daily living and erroneously concluded that his ability to perform limited activities, such as bowling, playing music, and maintaining a relationship with his girlfriend, did not support a finding that his mental impairments are not disabling.

In light of that analysis, Judge Bowman concluded that the ALJ's decision that Plaintiff's mental impairments do not meet or equal any of the listed impairments was not supported by substantial evidence. Judge Bowman, therefore, recommended reversing the ALJ's decision and remanding the case for a proper evaluation of the opinion evidence and to re-consider whether his mental impairments meet one of the listings. Judge Bowman did not recommend that the Court instruct the ALJ to award Plaintiff benefits on remand because, in her estimation, not all factual issues have been resolved nor does the record adequately establish his entitlement to benefits.

Plaintiff filed a timely objection to Judge Bowman's Report and Recommendation. Plaintiff agrees with Judge Bowman that the ALJ's decision was not supported by substantial evidence. Plaintiff, however, believes that the record sufficiently establishes that his mental impairments meet one of the listings and that, therefore, the Court should remand the case with instructions to award him benefits.

The only issue before the Court is whether the remand order should or should not include instructions to award Plaintiff benefits. See Fed. R. Civ. P. 72(b)(3) ("The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to."). In a Social Security case, the court can only remand a case with instructions to award the claimant benefits and when the claimant is clearly entitled to benefits and there are no essential factual issues to resolve. Faucher v. Secretary of Health & Human Serv., 17 F.3d 171, 176 (6th Cir. 1994). "A judicial award of benefits is proper only where the proof of disability is overwhelming or where the proof of disability is strong and evidence to the contrary is lacking." Id. In this case, the Court cannot conclude that proof that Plaintiff meets or equals one of the mental

impairment listings is overwhelming or that proof of disability is strong and there is no evidence to contrary.

First, the Court notes that there are no opinions from a treating psychiatrist or psychologist stating that Plaintiff has marked limitations in activities of daily living, maintaining social functioning, and maintaining concentration, persistence, and pace or that he has had repeated, extended periods of decompensation. In other words, there are no potentially controlling opinions indicating that Plaintiff's mental impairments meet or equal the "B criteria." The Court notes that Plaintiff's treating physician, Dr. Dornan, did provide a statement indicating that Plaintiff's concentration, persistence, and pace and ability to interact with others was impaired due to "poor frustration tolerance." Tr. 210. The ALJ could, however, properly discount Dr. Dornan's opinion on the grounds that psychology is not his specialty. See 20 C.F.R. § 404.1527(c)(5) ("We generally give more weight to the opinion of a specialist about medical issues related to his or her area of specialty than to the opinion of a source who is not a specialist.").

Second, state agency reviewing physicians provided opinions indicating that Plaintiff's mental impairments do not meet or equal the "B criteria." For instance, Dr. Goldsmith, Dr. Meyer and Dr. Waggoner all opined that Plaintiff is only mild to moderately impaired in the "B criteria." Tr. 237, 346, 364.

Third, while examining psychologist Dr. Sparks provided an opinion indicating that Plaintiff's impairments meet or equal the "B criteria," Tr. 312, examining psychologist Dr. Schulz submitted an opinion which reasonably supports a finding that Plaintiff's impairments do not meet the "B criteria." Tr. 221-222 (report finding that Plaintiff is moderately to severely impaired in ability to relate to others, moderately

impaired in ability to understand, remember and follow instructions, minimally impaired in ability to maintain concentration, persistence and pace for simple tasks, and moderately impaired in ability to withstand day-to-day work stresses).[1]

Fourth, while Judge Bowman found that the ALJ erroneously rejected opinions that were based in whole or in part on Plaintiff's subjective reports, it is nevertheless true that the quality of those opinions depends on Plaintiff's capacity to be a reliable and accurate historian. "An ALJ may reject a treating physician's opinion if it is based 'to a large extent' on a claimant's self-reports that have been properly discounted as incredible." Tommasetti v. Astrue, 533 F.3d 1035, 1041 (9th Cir. 2008) (citing Morgan v. Commissioner Soc. Sec. Admin., 169 F.3d 595, 602 (9th Cir.1999)). In other words, the ALJ cannot reject medical opinions based on the subjective reports of the claimant solely because they are based on the subjective reports of the claimant. As Judge Bowman pointed out, reliance on the patient's self-reports is a clinically acceptable diagnostic technique in the field of psychology. The ALJ may, however, reject medical opinions based on the patient's self-reports where the reports themselves lack credibility or where the claimant is not credible. In this case, as the Commissioner sets forth in detail in her brief, there are number of credibility issues surrounding Plaintiff's subjective reports to the examining psychologists. The ALJ - not the Court - is responsible for resolving those credibility issues and re-evaluating the weight to which opinions based on Plaintiff's self-reports are entitled.

---

[1] It is true, however, that the ALJ in fact gave little weight to Dr. Schulz's opinion.

In summary, the record does not clearly establish Plaintiff's entitlement to disability benefits. Plaintiff, therefore, is not entitled to a judicial award of benefits. Accordingly, Plaintiff's objections to Magistrate Judge Bowman's Report and Recommendation are not well-taken and are **OVERRULED.** The Court **ADOPTS** the Report and Recommendation. The decision of the ALJ is **REVERSED.** This case is **REMANDED** to the ALJ pursuant to Sentence Four of 42 U.S.C. § 405(g) for further proceedings consistent with this order and the Report and Recommendation.

      **IT IS SO ORDERED**

Date August 13, 2013                  s/Sandra S. Beckwith
                                                       Sandra S. Beckwith
                                           Senior United States District Judge